**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAMON DARRELL FLORES, | No. 11-56493 |
| Petitioner - Appellant, | D.C. No. 2:08-cv-02729-DOC-RCF |
| v. | |
| JEFFREY A. BEARD, Secretary of the California Department of Corrections and Rehabilitation,[*] | MEMORANDUM[**] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted July 11, 2013[***]
Pasadena, California

Before: GRABER, RAWLINSON, and WATFORD, Circuit Judges.

---

[*]    Jeffrey A. Beard, Secretary of the California Department of Corrections and Rehabilitation, is substituted for his predecessor pursuant to Fed. R. App. P. 43(c)(2).

[**]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Petitioner Damon Flores, a California state prisoner, appeals from the district court's order denying his 28 U.S.C. § 2254 habeas corpus petition challenging his conviction for conspiracy to commit murder. He contends that there was insufficient evidence to support the specific-intent-to-kill and agreement elements of the crime and that he is entitled to relief under 28 U.S.C. § 2254(d)(1) because, in rejecting his sufficiency-of-the evidence arguments, the California Court of Appeal unreasonably applied *Jackson v. Virginia*, 443 U.S. 307 (1979).[1] Reviewing with the "two layers of judicial deference" applicable to *Jackson* claims in federal habeas proceedings, *Coleman v. Johnson*, 132 S. Ct. 2060, 2062 (2012) (per curiam), we affirm.

The evidence at trial showed that Flores, a Dog Patch gang member, left a party in Dog Patch gang territory at which David Cabrera, a member of the rival East Side Paramount gang, had also been in attendance; that members of the Dog Patch gang would do "whatever's necessary" to protect their territory, up to and including committing murder; and that, after leaving the party, Flores armed

---

[1] Flores also contends that he is entitled to relief under 28 U.S.C. § 2254(d)(2) because the California Court of Appeal's decision was based on an unreasonable determination of the facts. Because we "evaluate a state court's resolution of a *Jackson* sufficiency-of-the-evidence claim in all cases under § 2254(d)(1) rather than § 2254(d)(2)," we do not address Flores's § 2254(d)(2) argument. *Sarausad v. Porter*, 479 F.3d 671, 678 (9th Cir.), *vacated in part on other grounds*, 503 F.3d 822 (9th Cir. 2007).

himself with a firearm and directed Misty Luna to drive him to Cabrera's residence. Trial testimony also showed that, on the way to Cabrera's residence, co-defendant and fellow Dog Patch member David Chavarria pulled his car alongside the vehicle in which Flores was riding so that the two men could talk. During this conversation, Flores told Chavarria that he knew where "that cheese sider lives" and to "Follow me, Dog." Once the conversation concluded, Chavarria followed Flores's vehicle to the block on which Cabrera lived and, once there, the two vehicles circled the block, slowing down as they approached Cabrera's residence. When Cabrera emerged from behind a tree across the street, a gun battle erupted, during which Flores fired several shotgun rounds before fleeing the scene.

Flores does not dispute this evidence. Instead, he contends that he is entitled to habeas relief because (1) in addition to considering the foregoing evidence, the California Court of Appeal erroneously considered evidence admissible only against his co-defendant, and (2) the district court improperly relied on the theory that his co-defendant killed the victim, even though the trial court granted a judgment of acquittal on the murder count. Because the evidence already discussed, standing alone, was sufficient to support Flores's conviction, both arguments fail. Viewing that evidence "in the light most favorable to the prosecution," *Jackson*, 443 U.S. at 319, a rational jury could have inferred that

3

Flores armed himself with a shotgun intending to kill Cabrera as retaliation for entering Dog Patch territory; that Flores enlisted his confederate Chavarria to assist with the attack; and that the two defendants, having agreed to kill Cabrera, drove slowly around the block where Cabrera lived until they were able to locate him and attempt to carry out the deed. Thus, the California Court of Appeal's conclusion that there was sufficient evidence to convict Flores of conspiracy to commit murder did not involve an "objectively unreasonable" application of *Jackson*. *Juan H. v. Allen*, 408 F.3d 1262, 1275 n.13 (9th Cir. 2005) (internal quotation marks omitted); *see also Cavazos v. Smith*, 132 S. Ct. 2, 6–8 (2011) (per curiam).

**AFFIRMED.**